# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JORGE L. NIEBLA,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:09cv372-SPM/WCS**

**UNITED STATES DISTRICT JUDGE**
**RICHARD SMOAK, et al.,**

    **Defendants.**

                                           /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated in the Florida Department of Corrections, submitted a civil rights complaint on September 18, 2009, doc. 1, but did not pay the filing fee. Plaintiff also did not seek *in forma pauperis* status, well aware that he has incurred *more* than three "strikes" under 28 U.S.C. § 1915(g).[1] Plaintiff has had numerous cases dismissed under the authority of 28 U.S.C. § 1915(g), including case numbers 5:08cv257, 3:08cv13, 4:06cv145, and 3:05cv433. Plaintiff knows he must pay the filing fee for any case submitted as he is not entitled to proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. Plaintiff's allegations in this

---

[1] Among those cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) are: 9:02cv81055, 1:01cv4326, 8:01cv914, 8:01cv143, 8:00cv2306, 3:05cv 433, 3:05cv230, 4:05cv235, 4:05cv275, 4:09cv224.

case, which are against federal judges for rulings made in cases, do not bring him within the imminent danger exception for proceeding with *in forma pauperis* status. 28 U.S.C. § 1915(g). This case should be summarily dismissed.[2]

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed in federal court without full prepayment of the filing fee at the time of submission of the complaint. Plaintiff may refile the case if he simultaneously submits the full amount of the filing fee. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2009.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Plaintiff does not identify his prior cases on the complaint form. Doc. 1. Instead, Plaintiff writes, "please see court record," but Plaintiff fails to provide any records. This is an intentional act on Plaintiff's part to not affirmatively disclose his prior § 1915 dismissals. It is also not the first time Plaintiff has done this. *See* 4:09cv40 and 4:09cv224.